**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL TORRES<br><br>               **Plaintiffs**<br><br>    v.<br><br>THE TJX COMPANIES, INC., THE<br>MARMAXX GROUP A/K/A MARMAXX<br>OPERATING CORP., RICK GOROSHKO,<br>AND GLEN HANSFORD<br>               **Defendants** | CIVIL ACTION NO. |

**NOTICE OF REMOVAL OF DEFENDANTS, THE TJX COMPANIES, INC., THE MARMAXX GROUP A/K/A MARMAXX OPERATING CORP., RICK GOROSHKO AND GLEN HANSFORD**

Defendants, The TJX Companies, Inc., The Marmaxx Group a/k/a Marmaxx Operating Corp., Rick Goroshko and Glen Hansford, by and through their undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to 28 U.S.C. §§1441 and 1332, hereby remove to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. This case involves an extensive procedural history which is set forth below, followed by the grounds for this Removal:

      1.     On or about March 13, 2013, Plaintiff, Daniel Torres, filed a Complaint sounding in personal injury in the Court of Common Pleas of Philadelphia County, Pennsylvania, entitled *DANIEL TORRES V. THE TJX COMPANIES, INC. ET. AL.*, MARCH TERM, 2013, NO. 01681.

      2.     On or about April 11, 2013, the undersigned counsel for Defendants filed their Entry of Appearance. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Entry of Appearance is attached hereto and incorporated herein as Exhibit "B."

3.      Plaintiff, Daniel Torres, resides 2159 East Cambria Street,  Philadelphia, PA 19134, and is a citizen of the Commonwealth of Pennsylvania at the time Complaint was filed.  *See* plaintiff's Complaint attached hereto as Exhibit "A" at ¶ 1.

4.      In his Complaint, plaintiff named the following defendants:

a.      The TJX Companies, Inc. ("TJX"), a Delaware corporation with a principal place of business located at 770 Cochituate Road, Framingham, MA 01701;

b.      The Marmaxx Group a/k/a Marmaxx Operating Corp.  The Marmaxx Group is not a legal entity but rather an operating division of Marmaxx Operating Corp., a Delaware corporation with a principal place of business located at 770 Cochituate Road, Framingham, MA 01701;

c.      Rick Goroshko, an individual and citizen of the Commonwealth of Pennsylvania with a residential address of 3 Hampshire Drive, Warminster, PA 18974; and

d.      Glen Hansford, an individual and citizen of the Commonwealth of Pennsylvania with a residential address of 203 Spring View Drive, Douglassville, PA 19518.

*See* Exhibit "A" at ¶¶ 2-6

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of the Defendants to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6.      Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against defendants, exceeds $75,000, exclusive of interests and costs.

7.      The TJX Companies, Inc. is a Delaware corporation with a principal place of business located in Framingham, Massachusetts.

8.     The Marmaxx Group is not a legal entity, but rather an operating division of Marmaxx Operating Corp. Marmaxx Operating Corp. is a Delaware corporation with a principal place of business located in Framingham, Massachusetts.

9.     While defendants, Rick Goroshko and Glen Hansford are citizens of the Commonwealth of Pennsylvania, their joinder to this action is tantamount to fraudulent joinder because plaintiff has failed to state a cause of action against defendants, Goroshko and Hansford.

10.     "Fraudulent joinder does not refer to 'fraud' in the traditional, legal sense." *Crawford v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 79128, *6 (E.D. Pa. 2009)

11.     Rather, the Third Circuit has held that "joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990).

12.     Joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the non-diverse defendant. *Boyer*, 913 F.2d at 111-112.

13.     Moreover, joinder is fraudulent if the court determines that "a claim is 'wholly insubstantial and frivolous.'" *Crawford*, *supra* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

14.     This matter arises out of personal injuries plaintiff allegedly sustained on April 5, 2011 when attempting to open a trailer he delivered at a retail location operated and managed by defendants, The TJX Companies, Inc. and Marmaxx Operating Corp., at or near 3511-3584 Long Beach Road, Oceanside, NY 11572.  *See* Exhibit "A" at ¶ 20.

15.     At the time of the delivery, plaintiff alleges he was employed by Black Horse Carriers, Inc. as a tractor trailer driver. *See* Exhibit "A" at ¶ 11.

16.     As alleged by plaintiff, Black Horse "was contractually obligated by Defendants to provide transportation and delivery services of inventory and retail merchandise;

transporting said inventory and merchandise from Defendants' Philadelphia distribution center and delivering same to Defendants' retail establishments trading under the names of TJ Maxx and Marshalls." *See* Exhibit "A" at ¶ 12.

17.     Plaintiff further alleges that defendants, The Marmaxx Group a/k/a Marmaxx Operating Corp. and/or The TJX Companies, Inc., were responsible for every aspect related to the selecting, placing, storing, securing, inspecting, installing, loading and opening merchandise on the trailer used by plaintiff, including on the date of incident. *See* Exhibit "A" at ¶¶ 12-17.

18.     Plaintiff alleges he was injured because of the improper installing, loading and securing of merchandise on his trailer on April 5, 2011. *See* Exhibit "A" at 53(a)-(p).

19.     As it relates specifically to defendants, Goroshko and Hansford, plaintiff alleges they were acting within the course and scope of their employment with The Marmaxx Group a/k/a Marmaxx Operating Corp. and/or The TJX Companies, Inc. in supervising the persons who loaded the subject trailer.  *See* Exhibit "A" at ¶¶ 5-6.

20.     Throughout the Complaint, plaintiff uses the terms "Defendants". However, as alleged in plaintiff's Complaint, this term only refers to defendants, The TJX Companies, Inc. and The Marmaxx Group a/k/a Marmaxx Operating Corp.  *See* Exhibit "A" at ¶ 8.

21.     Thus, in setting forth the factual predicates that form the basis of plaintiff's claims, plaintiff only refers to the conduct of The TJX Companies, Inc. and The Marmaxx Group a/k/a Marmaxx Operating Corp.  *See*, *e.g.*, Exhibit "A" at ¶¶ 9-51.

22.     In none of these paragraphs does plaintiff individually name defendants, Goroshko and Hansford.  Rather, plaintiff attempts to "boot strap" his negligence claim against them by referring to these individually defendants only specifically under Count I.  *See* Exhibit "A" at ¶¶ 52-53(a)-(p).

23.     The reason for this unique pleading is simple:  plaintiff has no valid claim against the individual defendants, Goroshko and Hansford, because they were not involved in the loading or unloading of the subject trailer that forms the basis for plaintiff's claims.

24.     In an effort to hide this fact and prevent removal, plaintiff has engaged in this artful pleading.

25.     Yet, however artful his Complaint may be, plaintiff cannot defeat diversity here.

26.     Plaintiff's claims against defendants, Goroshko and Hansford are barred under principles of Pennsylvania common law.

27.     Plaintiff's claims against defendants, Goroshko and Hansford, are based solely on allegations that they were negligent in their supervision of others employed by the corporate defendants, The Marmaxx Group a/k/a Marmaxx Operating Corp. and/or The TJX Companies, Inc.  *See* Exhibit "A" at ¶¶ 5-6.

28.     Plaintiff has failed to allege how defendants, Goroshko and Hansford, owed plaintiff any direct duty or breached any duty to him by committing any independent acts or omissions of negligence.  *See* Exhibit "A".  These elements are essential to asserting a negligence claim under Pennsylvania law.  *Ney v. Axelrod*, 1999 Pa. Super. 8, 723 A.2d 719, 721 (1999).

29.     Rather, the only employees of the corporate defendants that owed plaintiff a duty, if any, were those who in fact loaded the subject trailer and/or opened the subject trailer. Yet, plaintiff did not name these employees as defendants.  *See* Exhibit "A" at ¶¶ 43-45.

30.     A district court may look beyond the pleadings to determine if jurisdiction is proper.  *Boyer*, 913 F.2d at 111-12.

31.     Additionally, the district court is:

> … not required blindly to accept whatever plaintiff may say no matter how incredible or how contrary to the overwhelming weight of the evidence. The Supreme Court made it clear in *Wilson* [*v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)] that if the plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

*In re: Diet Drugs*, 2003 U.S. Dist. LEXIS 1276, at *6-7 (E.D. Pa. Jan. 17, 2003).

32.     Plaintiff's efforts to name defendants, Goroshko and Hansford, are nothing more than a sham to defeat removal and his claims against them are "wholly unsubstantial and frivolous." *In re: Briscoe*, 448 F.3d 201, 215-216 (3rd Cir. 2006).

33.     As a consequence thereof, pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and because this action is between citizens of different states. That is, Plaintiff is diverse from the corporate defendants, Marmaxx Operating Corp. and/or The TJX Companies, Inc. Moreover, none of these defendants are citizens of the Commonwealth of Pennsylvania, where the original action was filed. Further, the Eastern District of Pennsylvania embraces Philadelphia County, where the current action is pending in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.

34.     This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it was filed less than thirty (30) days from March 14, 2013, the date upon which the Complaint was served upon Defendants.

35.     Pursuant to the United States Supreme Court's holding in *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900), this Notice of Removal is properly filed because all Defendants served in the state court action have consented to removal.

36.     Defendants expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

37.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas Law Division, as provided by 28 U.S.C. § 1446(d).

38.     Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

39.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to the Defendants.

WHEREFORE Defendants, The TJX Companies, Inc., The Marmaxx Group a/k/a Marmaxx Operating Corp., Rick Goroshko and Glen Hansford, hereby remove the above-captioned action, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____
MARK A. LOCKETT, ESQUIRE
Attorney ID No. 50023
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 306593
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
Attorneys for Defendants,
The TJX Companies, Inc., The Marmaxx Group a/k/a
Marmaxx Operating Corp., Rick Goroshko and Glen
Hansford

## CERTIFICATE OF SERVICE

I, Kevin E. Monastra, Esquire, hereby certify that a copy of Defendants'

Notice of Removal was served via U.S. First Class Mail, postage prepaid, this 11th day of

April, 2013 upon the following:

Michael H. DiGenova, Esquire
BADEY, SLOAN & DI GENOVA, P.C.
2200 Locust Street
Philadelphia, PA 19103
COUNSEL FOR PLAINTIFF

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____

MARK A. LOCKETT, ESQUIRE
Attorney ID No. 50023
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
Attorneys for Defendants,
The TJX Companies, Inc., The Marmaxx Group
a/k/a Marmaxx Operating Corp., Rick Goroshko
and Glen Hansford

.

**Exhibit "A"**

BADEY, SLOAN & DI GENOVA, P.C.
BY: Michael H. DiGenova, Esquire
IDENTIFICATION NO.      78306
2200 Locust Street
Philadelphia, PA 19103
Telephone: 215-790-1000



Filed and Attested by
PROTHONOTARY
11 MAR 2013 02:35 pm
GARRETT

Attorneys for Plaintiffs

| | |
|---|---|
| DANIEL TORRES<br>2159 East Cambria Street<br>Philadelphia, PA 19134<br>v.<br>THE TJX COMPANIES, INC.<br>2760 Red Lion Road<br>Philadelphia, PA 19114<br>and<br>THE MARMAXX GROUP<br>a/k/a MARMAXX OPERATING CORP<br>2760 Red Lion Road<br>Philadelphia, PA 19114<br>and<br>RICK GOROSHKO<br>3 Hampshire Drive<br>Warminster, PA 18974<br>and<br>GLEN HANSFORD<br>203 Spring View Drive<br>Douglassville, PA 19518 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM,<br><br>No,<br><br>MAJOR JURY |

## COMPLAINT IN CIVIL ACTION

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

Case ID: 130301681

BADEY, SLOAN & DIGENOVA, P.C.
MICHAEL H. DIGENOVA, ESQUIRE
IDENTIFICATION NO. 78306
2200 Locust Street
Philadelphia, PA 19103
(215) 790-1000                                    Attorney for Plaintiffs
---------------------------------------------------------------------------------------------------
DANIEL TORRES                          :        COURT OF COMMON PLEAS
2159 East Cambria Street               :        PHILADELPHIA COUNTY
Philadelphia, PA 19134                 :
                                       :        MARCH  TERM, 2013
        v.                             :        No.
                                       :
THE TJX COMPANIES, INC.                :        MAJOR JURY
2760 Red Lion Road                     :
Philadelphia, PA 19114                 :
        And                            :
THE MARMAXX GROUP                      :
a/k/a MARMAXX OPERATING CORP           :
2760 Red Lion Road                     :
Philadelphia, PA 19114                 :
        And                            :
RICK GOROSHKO                          :
3 Hampshire Drive                      :
Warminster, PA 18974                   :
        And                            :
Glen Hansford                          :
203 Spring View Drive                  :
Douglassville, PA 19518                :

## COMPLAINT IN CIVIL ACTION

1.    Plaintiff, Daniel Torres is an adult individual who at all times material hereto has

      resided at his above-captioned address.

2.    Defendant, The TJX Companies, Inc., is a foreign corporation with a home office

      located in the Commonwealth of Massachusetts and which conducts its business

      and maintains an office for service of process at 2760 Red Lion Road,

      Philadelphia, PA 19114.

Case ID: 130301681

3.     Defendant, The Marmaxx Group, also known as Marmaxx Operating Corp., is a foreign corporation which conducts its business and maintains an office for service of process within the Commonwealth of Pennsylvania, 2760 Red Lion Road, Philadelphia, PA 19114.

4.     Defendant The TJX Companies, Inc., is an off-price apparel and home fashions retailer which maintains retail establishments domestically in the United States and internationally owns and/or operates Defendant The Marmaxx Group a/k/a Marmaxx Operating Corp.

5.     Defendant Rick Goroshko is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all times pertinent hereto was employed by Defendants at their aforesaid location in Philadelphia County, who was responsible for the loading of the trailer in question to be described below, and/or who was responsible for the supervision of those who loaded the trailer in question to be described below, and who can be served at his place of employment located at 2760 Red Lion Road, Philadelphia, PA 19114 and/or at his above-captioned residence at 3 Hampshire Drive, Warminster, PA 18974.

6.     Defendant Glen Hansford is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all times pertinent hereto was employed by Defendants at their aforesaid location in Philadelphia County as the Transportation Department Manager, and who was responsible for the loading of the trailer in question to be more fully described below, and/or who was responsible for the supervision of those who loaded the trailer in question to be described below, and who can be served at his place of employment located at

2

2760 Red Lion Road, Philadelphia, PA 19114, and/or at his above-captioned

residence at 203 Spring View Drive, Douglassville, PA 19518.

7.     Defendant The Marmaxx Group a/k/a Marmaxx Operating Corp. operates

numerous retail establishments in the United States trading under the brand names

T.J. Maxx and Marshalls.

8.     Defendants The TJX Companies, Inc. and The Marmaxx Group a/k/a Marmaxx

Operating Corp., collectively herein referred to as "Defendants," possessed and

operated a number of distribution centers in which inventory is directed to

Defendants' retail establishments trading under the T.J. Maxx and Marshall's

brands, including a distribution center located in Philadelphia, Pennsylvania at

2760 Red Lion Road, trading under the Marshall's name.

9.     At all times material hereto, Defendants have operated by and through their

servants, employees, work persons, agents, and/or independent contractors which

that Defendants may be held responsible at law for the negligent acts and

omissions of the aforesaid individuals.

10.    The Defendants' negligent acts and omissions which led to Plaintiff's injuries

damages occurred in Philadelphia County, Pennsylvania, thus jurisdiction and

venue are appropriate in this Court.

11.    On April 5, 2011, Plaintiff, Daniel Torres, was employed as a tractor trailer driver

for his employer, Black Horse Carriers, Inc. (hereinafter referred to as "Black

Horse.")

12.    On or about April 5, 2011, and for some time prior thereto, Black Horse was

contractually engaged by Defendants to provide transportation and delivery

3

services of inventory and retail merchandise; transporting said inventory and merchandise from Defendants' Philadelphia distribution center and delivering same to Defendants' retail establishments trading under the names of TJ Maxx and Marshalls.

13. On April 5, 2011, and for some time prior thereto, Defendants were solely and completely responsible for selecting, placing, storing, securing, and installing delivery loads into the delivery trailers transported by Black Horse, and such work was performed by the employees, agents and work persons of Defendants, including Defendant Goroshko and Defendant Hansford at Defendants' aforesaid Philadelphia distribution center.

14. On or about April 5, 2011, and for some time prior thereto, neither Plaintiff Daniel Torres, nor Black Horse, were responsible for selecting, placing, storing, securing, inspecting and/or installing the inventory and/or merchandise readied for delivery in the trailers that were loaded at the Defendants' Philadelphia distribution facility for delivery to Defendants' retail establishments.

15. At all times material hereto, Defendants were solely responsible for properly securing the contents of all inventory and merchandise in the trailers to be transported and delivered by Plaintiff to Defendants' retail establishments.

16. At all times material hereto, Plaintiff and his co-employees working for Black Horse, were affirmatively prevented by Defendants from inspecting the trailers loaded by Defendants at the aforementioned Philadelphia distribution center, and therefore could not ensure that said trailers were loaded safely or securely because Defendants placed a seal on the trailers before custody of the trailers were

4

Case ID: 130301681

transferred to Black Horse and attached to the Black Horse trucks for transportation.

17. At all times material hereto, Defendants required that the aforementioned trailer seal could only be removed by a representative of the Defendants upon delivery of the trailer to the designated retail location.

18. On April 5, 2011, while Plaintiff, Daniel Torres was in the course and scope of his employment with Black Horse, he drove his employer's truck to the Defendants' Philadelphia distribution center.

19. On April 5, 2011, Plaintiff arrived at Defendants' Philadelphia distribution center and received information from the Defendants identifying the sealed trailer he was to attach to his employer's truck.

20. On April 5, 2011, Plaintiff received information from the Defendants advising him that he was to transport and deliver the aforementioned trailer containing inventory and merchandise to Defendants' Marshall's location at or near 3511-3584 Long Beach Road, Oceanside, New York, 11572.

21. On April 5, 2011, Plaintiff connected Defendants' designated trailer to his employer's truck.

22. On or before April 5, 2011, the designated delivery trailer Plaintiff was asked to deliver to Oceanside, New York was loaded in Philadelphia, Pennsylvania by the employees, agents, servants, and/or workers employed by Defendants, including Defendant Goroshko and Defendant Hansford.

23. On April 5, 2011, the designated delivery trailer Plaintiff was asked to deliver to Oceanside, New York was sealed in Philadelphia, Pennsylvania by Defendants

5

prior to Plaintiff's arrival, and Plaintiff was unable to inspect the contents of the trailer to ensure that the trailer was properly loaded and secured such that the contents of the load would not shift while in transit.

24.    On April 5, 2011, Defendants' Marshall's location in Oceanside New York possessed one delivery bay through which inventory and merchandise could be transported from the delivery trailer into the store, and said delivery bay was constructed so that a tractor trailer would back into the bay at a downward angle such that the truck would be significantly higher than the trailer due to the sloping of the pavement and if the load inside the trailer was not properly loaded and secured, gravitational forces could cause the contents of the delivery load to shift and lodge themselves against the trailer door.

25.    On April 5, 2011 and for some time prior thereto, Defendants knew, or through the exercise of reasonable diligence, should have known of the aforementioned downward slope of the pavement leading to the delivery bay at the Oceanside, New York Marshall's location.

26.    On April 5, 2011, and for some time prior thereto, Defendants' knew, or through the exercise of reasonable diligence, should have known that the configuration of the pavement leading to the delivery bay at its Oceanside, New York Marshall's location would cause the contents of the delivery trailer to shift and lodge against the trailer door in the event that the delivery load was not properly loaded and/or secured.

27.    For an extensive time prior to April 5, 2011, Defendants' standard practice and habit when loading and preparing trailers for delivery failed to include employing

.6.

load bars, straps, chains, barriers,  tie downs and/or other similar load securing

equipment designed to  secure the load and prevent the load from shifting while in

transit.

28.     For an extensive period of time prior to April 5, 2011, Defendants' standard

practice and habit when loading and preparing trailers for delivery included

placing heavier boxes and totes containing inventory and merchandise on top of

lighter boxes and totes such that the cargo load's center of gravity was

unnecessarily high and/or that the load was unstable in transit.

29.     For an extensive period of time prior to April 5, 2011, Defendants' standard

practice and habit when loading delivery trailers included failing to palletize

and/or shrink wrap loads thus making it more likely that the cargo and load would

shift during transit.

30.     For an extensive period of time prior to April 5, 2011, Defendants' standard

practice and habit when loading delivery trailers included failing to conform to

Department of Transportation regulations and guidelines as well as industry

guidelines and standards regarding the proper securing of a cargo and loads in

order to prevent loads from shifting during transit.

31.     On April 5, 2011 and for an extensive period of time prior thereto, Defendants'

delivery trailers were equipped with horizontal and/or vertical E-Tracks from

which tie downs and/or straps could easily have been attached in order to secure

cargo loads and prevent cargo loads from shifting in transit.

32.     For an extensive period of time prior to April 5, 2011, Defendants' standard

practice and habit when loading delivery trailers equipped with horizontal and/or

7

vertical E-Tracks was to willfully and consciously ignore this safety feature by failing to attach straps or tie downs to the E-Track system.

33.    Prior to April 5, 2011, Defendants' were warned and informed by Plaintiff, and/or representatives of Plaintiffs' employer that Defendants were improperly and unsafely loading and securing their delivery trailers at the Philadelphia distribution center, and Defendants' repeated failures in this regard were causing loads to shift in transit, making the operating of the truck and trailer unstable, and were leading to dangerous conditions inside the trailer which posed a risk of personal and bodily injury to drivers such as Plaintiff when the trailer was unloaded at the delivery location.

34.    On or about April 5, 2011, at the time Defendants loaded the said trailer, the Defendants failed to use proper straps, load bars, chains, barriers or other safety equipment to prevent the cargo load from shifting while in transit in the delivery trailer Plaintiff was required to deliver to the Oceanside, New York Marshall's location.

35.    On or about April 5, 2011, at the time Defendants loaded the said trailer, the Defendants failed to properly use the E-Track system and failed to attach appropriate straps or tie downs to the E-Track system in the delivery trailer Plaintiff was required to deliver to the Oceanside, New York Marshall's location.

36.    On or about April 5, 2011, at the time Defendants loaded the said trailer, the Defendants failed to properly palletize and/or shrink wrap the load in the delivery trailer Plaintiff was required to deliver to the Oceanside, New York Marshall's location.

8

37.    On or about April 5, 2011, at the time Defendants loaded the said trailer, the Defendants stacked heavier boxes and totes upon lighter boxes and totes in the delivery trailer Plaintiff was required to deliver to the Oceanside, New York Marshall's location.

38.    On April 5, 2011, Plaintiff drove the delivery trailer to the Oceanside, New York Marshall's location.

39.    Upon arriving at the Oceanside, New York Marshall's location, Plaintiff backed the trailer into the delivery bay, traveling down the sloped pavement, such that the trailer was inclined downward and was below the level of the truck, causing the contents of the cargo load to further shift and lodge against the door of the trailer.

40.    After parking his truck at the delivery bay on April 5, 2011, Plaintiff made contact with a management representative of Defendants at the Oceanside, New York Marshall's location.

41.    On April 5, 2011, the management representative of the Defendants at the Oceanside, New York Marshall's location cut the seal on the trailer.

42.    On April 5, 2011, the management representative of Defendants at the Oceanside, New York Marshall's location attempted to lift open the trailer door, but could not due to contents of the cargo load having shifted, and wedged themselves against the door preventing the door's operation.

43.    On April 5, 2011, Plaintiff attempted to lift open the trailer door, but could not due to the contents of the cargo load having shifted, and wedged themselves against the door preventing the door's operation.

44.    On April 5, 2011, the management representative of Defendants at the Oceanside,

9

New York Marshall's location obtained and used a metal bar to use as a lever to
pull the trailer door open while Plaintiff pulled with his hands and arms on the
handle of the trailer door to open the door under great resistance when, while
lifting, the plaintiff experienced immediate pain in his right shoulder and back.

45.    On April 5, 2011, the combined efforts of the aforementioned management
representative and Plaintiff eventually opened the trailer door, after the exertion of
great effort, causing the contents of the trailer, including boxes and totes to fall
and strike Plaintiff about the head, shoulder and back, and front of his body,
causing plaintiff to sustain additional physical injury.

46.    As a direct and proximate cause of the negligence of Defendants, said negligence
to be more fully set forth hereinbelow, Plaintiff, Daniel Torres was caused to
suffer serious personal and bodily injury which include his head, neck, back,
body, shoulders, arms, legs, back, extremities, and which includes, but is not
limited to the following:

    a.    Labral tear right shoulder;

    b.    Post-surgical residual labral tear right shoulder;

    c.    Post-operative right shoulder pain;

    d.    Edema and swelling in the sub-acromial bursa, right shoulder;

    e.    Tear, anterosuperior labrum, right shoulder

    f.    Post traumatic arthritis, right shoulder

    g.    Impingement syndrome, right shoulder;

    h.    Aggravation of degenerative arthritis of the right shoulder;

    i.    Disc protrusion and/or herniation of the C6-7 disc;

10

Case ID: 130301681

j.     Disc protrusion and/or herniation of the C5-6 disc;

k.     Cervical radiculopathy, bilaterally;

l.     Cervical strain and sprain;

m.     Exacerbation and/or aggravation of cervical disc disease;

n.     Lumbar radiculopathy;

o.     L5-S1 radiculopathy;

p.     Bilateral carpal tunnel syndrome;

q.     Lumbar sprain and strain;

r.     Right hip strain and sprain;

s.     Lumbar disc herniations and/or protrusions;

t.     L3-4 disc herniation and/or protusion;

u.     L2-3 disc herniation and/or protrusion;

v.     Exacerbation of pre-existing L4-5 disc herniation resulting in intraforaminal disc herniation approaching and/or compressing the left L4 nerve root;

w.     Exacerbation of pre-existing small disc herniation at the L5-S1 level resulting in broad disc herniation across the disc space;

x.     Aggravation and/or exacerbation of pre-existing conditions;

y.     Paracervical periscapular myofascial pain;

z.     Injuries to his nerves, nervous system and bodily systems; and

aa.     Other injuries which are unknown at present.

47.     As a direct and proximate cause of the negligence of Defendants, said negligence

11

Case ID: 130301681

to be more fully set forth hereinbelow, Plaintiff, Daniel Torres was caused to suffer a loss in earnings and earning capacity and will suffer a loss of earnings and earning capacity into the future which is to his great loss and detriment.

48.    As a direct and proximate cause of the negligence of Defendants, said negligence to be more fully set forth hereinbelow, Plaintiff, Daniel Torres was caused to suffer disability and limitations in his residual functional capacities which are permanent.

49.    As a direct and proximate cause of the negligence of Defendants, said negligence to be more fully set forth hereinbelow, Plaintiff, Daniel Torres was caused to suffer great pain and suffering, loss of life's pleasures, embarrassment and humiliation, and post-surgical scarring and disfigurement which is all to his great loss and detriment.

50.    As a direct and proximate cause of the negligence of Defendants, said negligence to be more fully set forth hereinbelow, Plaintiff, Daniel Torres was caused to incur medical expenses for the treatment of his above indicated injuries, and will in the future be required to incur additional medical expenses which is all to his great loss and detriment.

51.    As a direct and proximate cause of the negligence of Defendants, said negligence to be more fully set forth hereinbelow, Plaintiff's workers' compensation insurance carrier has a lien for payment of medical and wage loss benefits which, as of February, 2013 exceeds $100,000.00 and which will increase in the future as Plaintiff continues to receive on-going disability benefits at the time of the filing of this complaint, as well as on-going medical treatment.

12

Case ID: 130301681

## COUNT I
## PLAINTIFF DANIEL TORRES V. ALL DEFENDANTS
### Negligence

52.   Plaintiff incorporates herein by reference all of the allegations contained in the

preceding paragraphs as though fully set forth at length herein.

53.   The negligence of Defendants The TJX Companies, Inc., The Marmaxx Group

a/k/a Marmaxx Operating Corp., Defendant Goroshko  and Defendant Hansford

consist of but is not limited to the following:

a.   Improperly, carelessly and negligently  loading the said cargo trailer for

delivery;

b.   Placing heavier boxes and totes upon lighter boxes and totes in the said

cargo trailer;

c.   Failing to use the ready and available E-Track system to secure cargo

loads for delivery;

d.   Failing to use tie downs, straps, chains, and/or other safety equipment to

prevent loads from shifting while in transit;

e.   Failing to use the E-Track system when Defendants knew the intended

delivery destination posed a high risk of cargo contents shifting due to the

downward slope of its delivery bay pavement at the Oceanside, New York

destination;

f.   Failing to use ties downs, straps, chains, and/or other safety equipment to

prevent loads from shifting in transit when Defendants knew the intended

delivery destination posted a high risk of cargo contents shifting due to the

downward slope of its delivery bay pavement at the Oceanside, New York

13

Case ID: 130301681

destination;

g.    Failing to palletize loads;

h.    Failing to shrink wrap loads;

i.    Failing to load trailers safely;

j.    Failing to secure cargo loads safely;

k.    Negligently supervising employees in loading trailers;

l.    Negligently failing to train employees in proper loading techniques;

m.    Negligently failing to train employees in proper load securing techniques;

n.    Violating U.S. Department of Transportation Cargo Securement Rules and regulations;

o.    Violating applicable state and local rules and regulations;

p.    Violating accepted industry standards and practices;

WHEREFORE, Plaintiff, Daniel Torres, hereby requests that this Honorable Court enter judgment in his favor in excess of $50,000.00 together with costs, interest, attorneys' fees and such other relief as the Court shall deem appropriate.

## COUNT II
### PLAINTIFF DANIEL TORRES V. ALL DEFENDANTS
### PUNITIVE DAMAGES

54.    Plaintiff incorporates herein by reference all of the allegations contained in the preceding paragraphs as though fully set forth at length herein.

55.    Defendants knowingly, willingly, wantonly, intentionally and with reckless disregard of the safety of Plaintiff, failed to use and employ a pre-existing safety feature, namely the E-Track system located on the very trailer Plaintiff was delivering on April 5, 2011, when Defendants' knew that their Oceanside, New

14

Case ID: 130301681

York Marshall's had a delivery bay with a downward sloping pavement that would cause the contents of the unsecured load to shift onto the door of the trailer through the well-known principles of gravity.

56. Defendants knowingly, willingly, wantonly, intentionally and with reckless disregard for the Plaintiff's safety, failed to use proper straps, chains, barriers, or similar devices to prevent the load from shifting while in transit when Defendants' knew that their Oceanside, New York Marshall's had a delivery bay with a downward sloping pavement that would cause the contents of the unsecured load to shift onto the door of the trailer.

57. Defendants knowingly, willingly, wantonly, intentionally and with reckless disregard of the safety of Plaintiff, failed to properly use either the E-Track safety feature, and/or any other load securing means after having been warned and advised numerous times and with knowledge of the fact that its loads were shifting within the trailer during transit, and were wedging and lodging up against the trailer door thereby posing a serious risk of injury and possibly death to its delivery drivers, including Plaintiff.

WHEREFORE, Plaintiff Daniel Torres requests this Honorable Court to enter judgment against Defendants for an amount of punitive damages in excess of $50,000.00, with costs, interest, attorneys' fees and such other relief as the Court shall deem appropriate.

BADEY, SLOAN & DI GENOVA

BY: _____

MICHAEL H. DIGENOVA, ESQUIRE
Attorney for Plaintiff
Daniel Torres

Date: 3/13/2013

15

## <u>VERIFICATION</u>

I, **MICHAEL H. DIGENOVA, ESQUIRE**, hereby state that I am the attorney for the plaintiff in the foregoing action, that I am authorized to make this verification on behalf of the plaintiff, and that the facts set forth in the foregoing **Complaint** are true and correct to the best of my knowledge, information and belief. These statements are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

MICHAEL H. DIGENOVA, ESQUIRE

Date: 8/13/2013

# Exhibit "B"

BONNER KIERNAN TREBACH & CROCIATA, LLP
BY:  MARK A. LOCKETT, ESQUIRE
IDENTIFICATION NO:  50023
BY:  KEVIN E. MONASTRA, ESQUIRE
IDENTIFICATION NO:  91648
TEN PENN CENTER, SUITE 770
1801 MARKET STREET
PHILADELPHIA, PA  19103
(215) 569-4433
ATTORNEY FOR DEFENDANTS, The TJX Companies, Inc., The Marmaxx Group a/k/a
Marmaxx Operating Corp., Rick Goroshko and Glen Hansford

*Filed and Attested by
PROTHONOTARY
11 APR 2013 12:41 pm
M. TIERNEY*

| | |
|---|---|
| DANIEL TORRES | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | MARCH TERM 2013, |
| v. | NO. 01681 |
| | |
| THE TJX COMPANIES, INC., | |
| THE MARMAXX GROUP a/k/a | |
| MARMAXX OPERATING CORP., | |
| RICK GOROSHKO and | |
| GLEN HANSFORD | |
| | |
| Defendants | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

      Kindly enter my appearance in the above-entitled action on behalf of Defendants, The

TJX Companies, Inc., The Marmaxx Group a/k/a Marmaxx Operating Corp. (Properly Identified

as Marmaxx Operating Corp.), Rick Goroshko and Glen Hansford.


               BONNER KIERNAN TREBACH & CROCIATA, LLP


BY:         _____
               MARK A. LOCKETT, ESQUIRE
               KEVIN E. MONASTRA, ESQUIRE
               Attorney for Defendants,
               The TJX Companies, Inc., The Marmaxx Group a/k/a
               Marmaxx Operating Corp., Rick Goroshko and Glen Hansford