IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL TORRES,      : | | |
|    Plaintiff,      : | | CIVIL ACTION |
|                                                   : | | |
|    v.      : | | |
|                                                     : | | |
| TJX COMPANIES, INC., et al.,      : | | |
|    Defendants.      : | | NO. 13-1929 |

## ORDER

**AND NOW**, this 29th day of April, 2013, upon consideration of Plaintiff Daniel Torres's Motion to Remand this case to state court (Doc. No. 3), and all responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.[1]  The case shall be **REMANDED** to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c), and the conference scheduled for May 3, 2013 shall be cancelled.  The Court declines to assess costs or fees against the Defendants.

---

[1] A defendant seeking to remove a case based on fraudulent joinder faces a heavy burden. "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citations and quotations omitted).  Here, Mr. Torres's complaint alleges that the individual, non-diverse defendants negligently loaded a trailer and thereby injured him.  Mr. Torres has thus at least potentially stated a claim against these defendants, and the case must be remanded.  *See Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 89 (Pa. Super. Ct. 1995) ("Whether an employee is or is not acting within the scope of his or her employment, therefore, is only relevant in determining whether the employer can be secondarily liable for the employee's tort.  *In either case, the employee himself remains liable for his own torts*.") (emphasis supplied); *see also Greenberg v. Macy's*, No. 11-4132, 2011 U.S. Dist. LEXIS 104689, at *10 (E.D. Pa. Sept. 14, 2011) ("Under Pennsylvania law's 'participation theory,' a corporate employee may be held personally liable for negligent activity carried out within the scope of her employment[.]").

It is further **ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
United States District Judge